IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HARRY WAYNE SHAUCK | * | |
| | * | |
| | * | |
| v. | * | Civil No. CCB-13-3122 |
| | * | Criminal No. CCB-02-0391 |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |

\*\*\*\*\*\*

## MEMORANDUM

Now pending before the court is Harry Wayne Shauck's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on October 22, 2013. Shauck is challenging his sentence based on the Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and invokes 28 U.S.C. § 2255(f)(3)[1] to explain why his collateral challenge has been filed over ten years after the court accepted his guilty plea. The government opposes the motion as untimely, and Shauck has filed a reply.

On February 21, 2003, Shauck pleaded guilty to a criminal information charging him with bank robbery, *see* 18 U.S.C. § 2113(a), (d), & (f), as well as a two-count criminal indictment charging him with (1) bank robbery, *see* 18 U.S.C. § 2113(a), (d), & (f), and (2) use of a firearm in connection with a crime of violence, *see* 18 U.S.C. § 924(c).[2] The plea agreement noted that Count 1 (bank robbery) of the criminal indictment carried a maximum sentence of twenty-five years imprisonment.[3] Additionally, the plea agreement stated that, pursuant to 18

---

[1] Subsection 2255(f)(3) states that the one-year limitations period for filing a § 2255 petition runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

[2] The information related to a bank robbery in Pennsylvania, while the indictment related to a bank robbery committed in Maryland.

[3] Shauck pled guilty before Judge Benson E. Legg, now retired from this court.

U.S.C. § 924(c), Shauck agreed to serve a term of seven years imprisonment consecutive to the underlying sentence for bank robbery. On June 3, 2003, he was sentenced to 110 months as to Count 1 of the indictment and 84 months (7 years) as to Count 2, to run consecutively with Count 1. He did not appeal his sentence.

In *Alleyne*, the Supreme Court determined that "any fact that increases the mandatory minimum is an 'element' [of the crime] that must be submitted to the jury." 133 S. Ct. at 2155. Shauck mistakenly claims that, because he was charged with use of a firearm in violation of 18 U.S.C. § 924(c), his case had to be submitted to a jury. As noted, Shauck pleaded guilty to the two-count indictment, and admitted within his plea agreement that a seven-year sentence for use of a firearm was the appropriate sentence for Count 2; a jury did not hear the facts of his case. Thus, *Alleyne* is inapplicable.

Even if *Alleyne* were applicable to the facts of this case, Shauck may not be entitled to relief in the context of a motion to vacate. Although the Fourth Circuit has not yet ruled on the issue in a published opinion, other federal appellate courts have ruled that *Alleyne* does not apply retroactively to cases on collateral review. *See, e.g.*, *United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Accordingly, the court cannot conclude that Shauck has filed a timely petition under 28 U.S.C. § 2255(f)(3).

The court will deny Shauck's § 2255 motion, and will not issue a certificate of appealability under 28 U.S.C. § 2253(c). A separate order follows.

May 29, 2014                                        /s/
Date                                                Catherine C. Blake
                                                    United States District Judge